IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND CRUZ, § | |
| TDCJ-CID NO. 709751, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-07-2868 |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Respondent Nathaniel Quarterman's Motion For Summary Judgment with Brief in Support (Docket Entry No. 12). For the reasons stated below, the motion will be granted.

### I. Factual and Procedural Background

On June 6, 1994, Cruz was convicted of robbery and sentenced to twelve years' imprisonment.[1] After serving nearly six years of his sentence, Cruz was paroled.[2] However, Cruz returned to prison in November of 2002 after he violated his parole. As a result of

---

[1] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.

[2] Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, Exhibit A, Affidavit of Charley Valdez, p. 2.

the revocation of Cruz's parole, Cruz forfeited all prior good-time credits; Cruz was also denied credit for "street time."[3]

After respondent revoked Cruz's good-time credits and denied Cruz's request for "street time," Cruz filed a time credit dispute resolution form on February 5, 2003.  That form was rejected, however, on August 21, 2003, after respondent concluded that there was no error in the calculation of Cruz's time.[4]

Nearly three years later, Cruz filed an application for a writ of habeas corpus in state court challenging respondent's refusal to reinstate his good-time credit and to grant his request for street time.  In that application Cruz alleged that respondent's action denied Cruz his constitutional rights to due process and against double jeopardy.[5]  The state habeas court rejected Cruz's claims and recommended that his application be denied.[6]  The Texas Court of Criminal Appeals followed that recommendation on May 3, 2006, and denied Cruz's application without written order.[7]  After his habeas application was denied, Cruz filed an application for a writ of mandamus, which was summarily denied.[8]

---

[3] Id.

[4] Id.

[5] Ex parte Cruz, WR-64,584-01, Docket Entry No. 9, Application for a Writ of Habeas Corpus, pp. 7-8, 11.

[6] Id., Respondent's Proposed Findings of Fact, Conclusions of Law, and Order.

[7] Id., cover.

[8] Ex parte Cruz, WR-64,584-02, Docket Entry No. 9, cover.

Cruz then filed a petition for a federal writ of habeas corpus in this court on September 4, 2007. After the court ordered respondent to file an answer,[9] respondent filed his motion for summary judgment. Cruz filed a response to respondent's summary judgment motion in which he argued his claims on the merits but offered no explanation as to why he had waited more than three years to challenge respondent's actions in the state habeas court.

## II.  Analysis

Respondent argues that Cruz's petition is barred by the statute of limitations. The court agrees and on that basis will dismiss Cruz's petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period on all state prisoners' claims. 28 U.S.C. § 2244(d)(1). This one-year period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[10]

Here, Cruz knew that respondent had revoked his good-time credit at least as early as February 5, 2003, the date that he filed his time credit dispute resolution form with respondent. Assuming that the statute of limitations was tolled during the resolution of that form, Cruz had one year from the date that

---

[9] Order to answer, Docket Entry No. 4.

[10] None of the other subdivisions of § 2244(d)(1) apply to Cruz's petition.

respondent resolved the dispute -- August 21, 2003 -- to file an application for a writ of habeas corpus.  In other words, to avoid application of the statute of limitations Cruz would have to have filed his federal application for a writ of habeas corpus on or before August 21, 2004.  Although Cruz filed a state application for a writ of habeas corpus on March 20, 2006, it did not toll the running of the limitations period since it was filed after the period of limitations had expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Although there are equitable exceptions to the AEDPA's limitations period, see, e.g., Howland v. Quarterman, 507 F.3d 840, 845-46 (5th Cir. 2007), Cruz has not argued for the application of any such exceptions or even indicated why he delayed so long in filing his state habeas application.  Therefore, Cruz's claims are barred by the AEDPA's statute of limitations.  See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002).

### III.  Conclusion and Order

Based on the foregoing, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**, and petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 31st day of March, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE